IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD DALE LAFEVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-270-D |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are Defendant's Motion for Stay [Doc. No. 13] and Plaintiff's Motion to Certify Question to the Supreme Court [Doc. No. 18]. The parties agree that the case should be stayed during the pendency of a state court appeal that may decide the question of insurance coverage for injuries suffered by a nonparty, Jimmy Hollis, under an automobile insurance policy issued by Defendant to Plaintiff, its insured. The parties disagree whether the Court should first certify a question of state law to the Oklahoma Supreme Court so that "all of the pertinent issues in this suit will be simultaneously pending before the Oklahoma Supreme Court which will prevent a piecemeal litigation of this suit." *See* Pl.'s Mot. Certify [Doc. No. 18]. Plaintiff contends "certifying now promotes judicial efficiency and not at the expense of judicial economy" because the parties have already presented their legal arguments regarding the issue to be certified, in the context of their briefs filed in this Court on the issue of whether certification should be ordered. *See* Pl.'s Reply Br. [Doc. No. 22] at 10. For reasons that follow, the Court declines to grant Plaintiff's request for certification.

In this removed case, Plaintiff asserts claims for breach of contract and breach of the insurer's duty of good faith and fair dealing based on Defendant's denial of coverage and refusal to defend Plaintiff in a lawsuit brought by Mr. Hollis in state court, *Hollis v. LaFever*, Case No. CJ-2004-66 (Kiowa County, Okla.). Mr. Hollis was injured when Plaintiff intentionally drove his pickup truck into an office building where his wife worked in an attempt to injure her, but injured both her and Mr. Hollis, a coworker. Mr. Hollis obtained a judgment against Plaintiff for damages in the amount of $1.5 million. In a post-judgment garnishment proceeding, the trial court determined that coverage existed, and ordered Defendant to pay Mr. Hollis the policy limit of $25,000. Defendant appealed the order, and the appeal is currently pending before the Oklahoma Court of Civil Appeals, *Hollis v. LaFever*, No. SD-108672 (Okla. Civ. App.).

The same coverage issue presented in that appeal is also presented in this case. In addition, this case may present another issue that Plaintiff contends is appropriate for decision by the Oklahoma Supreme Court pursuant to the Revised Uniform Certification of Questions of Law Act, Okla. Stat. tit. 20, §§ 1601-11: "whether, under Oklahoma law, an erroneous, good faith belief that there is no coverage is a defense to an excess case for failure to defend and settle a claim within liability limits." *See* Pl.'s Mot. Certify [Doc. No. 18] at 6.

The use of a state's certification procedure to resolve a controlling question of state law "rests in the sound discretion of the federal court." *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *see also Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008). However, "'[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'" *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)). Instead, the decision of whether to certify a legal question for decision by a state's highest court requires an

assessment of whether the federal case involves "sufficiently novel and determinative questions of state law that certification is warranted." *See Stout*, 519 F.3d at 1120. Another appropriate consideration is whether "important state policy interests" are implicated. *Id*.

Here, Plaintiff asks the Court to certify a question of Oklahoma law decided only by the Tenth Circuit in *State Farm Mutual Ins. Co. v. Skaggs*, 251 F.2d 356 (10th Cir. 1957). Plaintiff contends *Skaggs* was wrongly decided and is not binding precedent because it conflicts with more recent decisions of the Oklahoma Supreme Court. Regardless of the merits of these arguments, however, the Court notes that Plaintiff asks for a certification decision to be made at an early stage of this litigation, before any discovery or factual development of Plaintiff's claims. Further, Plaintiff asks that the certification order be accompanied by the issuance of a stay to await the final conclusion of the underlying state court litigation on which Plaintiff's claims for damages are based. As Defendant points out, and Plaintiff implicitly concedes, a resolution of the appeal in Defendant's favor – through a determination that no coverage existed – would render this case moot. Also, because the state trial court determined the coverage issue through a summary judgment procedure, one possible outcome of the appeal is a remand to the trial court to resolve any factual issue that an appellate court identifies as preventing a determination as a matter of law. *See* Okla. Stat. tit. 12, § 2056. In that event, a certification order issued at this point would clearly be premature. Accordingly, the Court finds that Plaintiff's request for immediate certification of a potential legal issue is unwarranted or, at least, improvident.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay [Doc. No. 13] is GRANTED. This case is stayed pending the final conclusion of the underlying state court litigation. An appropriate administrative closing order will be entered.

3

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Question to the Supreme Court [Doc. No. 18] is DENIED. Defendant's Motion for Leave to File Two Page Sur-Reply [Doc. No. 23] is DENIED as moot.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE